ROBERT STURTEVANT & another *vs.* MELVIN BOWKER & others.

A widow's waiver of the provision made for her in her husband's will, and her claim of dower in his estate, whereby his intentions are essentially frustrated, and the intended proportions of the devises to his heirs are destroyed, furnish no ground for reversing a decree of the judge of probate allowing the will.

THIS was an appeal from a decree of the judge of probate, proving and allowing the last will of Liberty Bowker, late of

Savoy. The reasons of appeal were, " 1st. that the will cannot be carried into effect, on account of the claim of the testator's widow to dower in his estate, which claim has been formally made by her in writing, in the probate office, accompanied with notice that she waived the provisions made for her in said will; it being evident from the terms of said will that the will was made upon the full belief that the testator's widow would not, or could not, claim dower: 2d. That said claim of dower frustrates essentially the intentions of the testator, and destroys the proportions intended for the heirs at law of the testator."

*Robinson*, for the appellants. The will shows, on its face, that the testator's belief was such as is averred in the first reason of appeal, and that the consequences, which are stated in the second reason, must ensue, if the will is admitted to probate. Every will is made on the tacit condition, that it shall not go into effect, if there is, after its execution, an important alteration in the testator's family. Such alteration operates as a revocation of the will. *Doe* v. *Lancashire*, 5 T. R. 49. *Kenebel* v. *Scrafton*, 2 East, 530.

*Harmon*, for the appellees, was stopped by the court.

SHAW, C. J. The widow could make no election to waive the provision made for her in the will, and claim her dower, until after the decease of the testator. If the will took effect at all, it took effect at his decease, and cannot be revoked by his widow's subsequent act. It cannot be placed on the ground of implied revocation; and no other ground of objection to the probate of the will being suggested, the decree of the probate court must be affirmed, and the case be remitted for further proceedings. See *Hawes* v. *Humphrey*, 9 Pick. 357.